ISABELLE H. BONBRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33449.   Promulgated March 10, 1931.

*John P. Bowman, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

#### OPINION.

MORRIS: The petitioner contends that the correct basis for determining the loss upon the sale of her securities in the Advanced Rumely Company is the cost of the stock of the M. Rumely Company plus the amount of the assessment thereon at the time of reorganization in 1915.

That part of section 204 of the Revenue Act of 1926 cited by both petitioner and the respondent, provides:

(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. * * *

This exchange is one described in subdivision (b) of section 203.

The petitioner's contention, reduced to the terms of the statute, is that "the basis shall be the same as in the case of the property exchanged;" that is, it shall be the same as though the original stock of the M. Rumely Company, acquired prior to March 1, 1913, were the property in question, and since the exchange took place under and was governed by the Revenue Act of 1913, and since, as the petitioner contends, said act recognized no loss upon such exchange, the loss should now be the difference between the cost of the original shares, $49,462.50, and the selling price, $7,162.75, or $42,299.75.

The dispute, therefore, resolves itself into a question of whether any loss sustained upon the exchange in 1915 "was recognized * * * under the law applicable to the year in which the exchange was made." The petitioner contends that it was not and the respondent contends otherwise.

The Revenue Act of 1913 provides:

[Sec. II B.] * * * That in computing net income for the purpose of the normal tax there shall be allowed as deductions: * * * fourth, losses actually sustained during the year, incurred in trade * * *.

We should know something about the nature of the reorganization in 1915, which resulted in the exchange of M. Rumely Company stock for that of Advanced Rumely Company, but in this, as in all other particulars, the record is extremely deficient. In order for us to sustain the petitioner's view we must find that no loss was "actually sustained" in 1915 within the meaning of the Act of 1913. The record not only does not give us sufficient data upon which to base a conclusion that there was no loss in 1915, but as a matter of fact the information which we do have indicates, presumptively at least, that there was in fact a loss. At any rate, the respondent seemed to think that a loss had been sustained—and it is the respondent's determination which we must approve unless the petitioner is able to sustain the burden of proof—because it will be seen that in determining the basis for the loss sustained in 1925 he found the cost of the original stock to be $49,462.50, whereas the value of the stock received in exchange was only $8,350, indicating a loss in that year of $41,112.50, based upon cost of said original shares. In view of this determination by the respondent and the lack of evidence to overcome the prima facie correctness of the respondent's determination in this particular, we can not say that no loss was "actually sustained" so as to have precluded a deduction under the 1913 Act. Cf. *United States* v. *Phellis*, 257 U. S. 146, and *Weiss* v. *Stearn*, 265 U. S. 242, wherein the question of taxable gain under the Revenue Acts of 1913 and 1916 was considered.

Furthermore, the statute compels us to determine whether the transaction in 1915 was merely a casual exchange of securities or whether the petitioner was so actively engaged in the purchase, sale, and exchange of securities that this transaction, being only one of many, should be treated as one consummated " in trade " within the meaning of the Act of 1913. In order to sustain the petitioner in this particular it is necessary for us to determine from the facts before us that this exchange falls within the former rather than into the latter class. That is, we must find that it was not a transaction " in trade " which would permit the deduction of any loss sustained upon the exchange in 1915. With respect to this the record tells us nothing of importance. All that we know is that the petitioner is an individual, as distinguished from a partnership or corporation, and that she purchased certain shares of stock in 1911 and 1912 and exchanged them for certain other shares and a bond of the new company in reorganization in 1915. We can not conclude from such meager facts that whatever loss was sustained in 1915 through the exchange of M. Rumely for Advanced Rumely stock was not one " incurred in trade " and, therefore, not deductible in the computation of net income for that year. As a matter of fact a statement of stock and bond transactions appended to the deficiency notice would tend to indicate very strongly that the petitioner was a rather active trader in securities.

The petitioner having invoked section 204, *supra*, for the relief sought, and having failed to sustain the burden of proof thereunder, we must approve the respondent's determination, particularly in view of the fact that a computation of the loss under that section, when considered in the light of all the information before us, results in the same amount of loss found by the respondent.

For instance, the cost of the M. Rumely stock, including assessment, was $49,462.50, for which the petitioner received securities of Advanced Rumely valued, according to the respondent's determination, at $8,350, indicating a loss of $41,112.50 upon the exchange in 1915, recognized as a deductible loss in that year. Therefore, the deductible loss in the taxable year, computed under section 204, *supra*, using the only value factors available, is $1,187.25 (which exactly agrees with the amount determined by the respondent), computed in the following manner:

| | |
|---|---|
| Total cost of original shares (M. Rumely) | $49,462.50 |
| Sale price in 1925 (Advanced Rumely) | 7,162.75 |
| Total loss in 1925 before adjustment in accordance with 204 (a) (6) of the Revenue Act of 1926 | 42,299.75 |
| Deduct: Loss recognized upon exchange in 1915 | 41,112.50 |
| Deductible loss in taxable year under section 204, *supra* | 1,187.25 |

*Decision will be entered for the respondent.*